## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES,** | ) |
| | ) |
| v. | ) |
| | )    No. 2:24-cr-00090-LEW-1 |
| **JUSTIN NEVES,** | ) |
| | ) |
| **Defendant** | ) |

### ORDER DENYING THE DEFENDANT'S MOTION TO PARTICIPATE IN THE STRAFFORD COUNTY JAIL'S THERAPEUTIC COMMUNITY TREATMENT PROGRAM

Before me is the Defendant Justin Neves's motion to participate in the Strafford County Jail's Therapeutic Community Treatment Program (the "TC" Program). *See* Motion to Participate in TC Program (ECF No. 33) at 1. Neves was originally detained pending trial in the Strafford County Jail, but he was subsequently transferred to the Cumberland County Jail and then to the Somerset County Jail. *Id.* Neves's attorney is based in Portland, Maine, which is ninety minutes from the Somerset County Jail. *See* Reply to Response (ECF No. 35) at 2. Neves requests that I issue an order recommending his transfer to either the Cumberland County Jail or the Strafford County Jail immediately before and during trial to allow him better access to his attorney. *Id.* This position, coupled with the parties' arguments below, reinforces my understanding that the primary goal of Neves's motion is no longer participation in the Strafford County Jail's TC Program.

On October 18, 2024, I held a hearing on the pending motion at which both the Government and Neves's attorney provided supplemental oral argument.

1

Defense counsel argued that regardless of the Government's intent, its decision to transfer Neves to a location ninety minutes from Portland violates the Sixth Amendment by impeding Neves's ability to meet with counsel to adequately prepare his defense.  Defense counsel also emphasized that trial preparation will require spending a significant amount of time with Neves in person because he faces a drug conspiracy charge, trial is set for January 2025, and there are around 45,000 pages of discovery to review with him, the majority of which is subject to a protective order.

In response, the Government explained that the United States Marshal Service (USMS) relocated Neves to the Somerset County Jail for safety reasons because the conspiracy in which he was allegedly involved relates to other cases pending against members of the gang to which Neves allegedly belongs and rival gangs, and the defendants and witnesses in those cases are housed in the Cumberland County and Strafford County jails.  The ninety minute drive from Portland to the Somerset County Jail, the Government argues, does not constitute an intrusion upon Neves's Sixth Amendment right to the effective assistance of counsel. The Government also clarified that the volume of discovery is typical for a drug case of this nature, and mentioned that that although the Somerset County Jail does not have a TC Program, it does offer mental health and substance use disorder resources.

I decline Neves's request to recommend his transfer.  First, "[t]he law is clear that '[a] pre-trial detainee does not have the right to be housed at the facility of his choice, nor does he have the right to remain in the institution to which he was initially, or even at one time, assigned.'"  *United States v. Stile*,

No. 1:11-cr-00185-JAW, 2013 WL 12195872, at *1 (D. Me. Nov. 27, 2013) (quoting *Falcon v. United States Bureau of Prisons*, 852 F.Supp. 1413, 1420 (S.D. Ill. 1994)).

Second, I lack the legal authority to intervene in the USMS's determination regarding pre-trial detainee placement, and the propriety of meddling in that decision-making process at all is questionable. *Id.* at 2. Congress expressly obligates the USMS to "provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." 18 U.S.C. § 4086; *see also* 28 C.F.R. § 0.111(k). "Courts have repeatedly recognized that this 'open-ended' grant of authority favors judicial deference to the USMS regarding placement of detainees." *United States v. Thomas*, No. 3:20-cr-51 (SRU), 2022 WL 2315624, at *4-5 (D. Conn. June 28, 2022) (collecting cases) (holding that a USMS decision about pre-trial detainee placement was discretionary and presumably made by weighing "administrative concerns regarding access to counsel, capacity, expenses, services, and other crucial facts of which [the court] should not review").

Even if I had the authority to order Neves's transfer, I would not do so. Neves has offered insufficient evidence to prove that his relocation to the Somerset County Jail, ninety minutes away from his attorney in Portland, constitutes a deliberate government intrusion upon his attorney-client relationship, much less that he has been demonstrably prejudiced by that intrusion. *See United States v. Mastroianni*, 749 F.2d 900, 907 (1st Cir. 1984) ("A Sixth Amendment violation cannot be established without a showing that there is a 'realistic possibility of injury" to defendants or 'benefit to the [United States]' as a result of the government's intrusion

into the attorney-client relationship.") (citing *Weatherford v. Bursey*, 429 U.S. 545, 558 (1977) and *United States v. Morrison*, 449 U.S. 361, 366 (1981)). The persuasiveness of Neves's argument is also diluted by the fact that his preferred location, the Strafford County Jail, is located more than sixty minutes from Portland.

For the aforementioned reasons, Neves's motion is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Criminal Procedure 59(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated: October 31, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge